# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN BOBO, | ) | CASE NO. 1:16-cv-2722 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (ECF #13). On November 8, 2016, Plaintiff, Marvin Bobo, filed his Complaint (ECF #1) challenging the final decision of the Acting Commissioner of Social Security denying his claim for Disability Insurance Benefits. Pursuant to Local Rule 72.2(b), the case was referred to Magistrate Judge Greenberg.

On September 21, 2017, the Magistrate Judge issued his Report and Recommendation. Magistrate Judge Greenberg found that the ALJ did not make the proper inquiry required by Social Security Ruling ("SSR") 00-4p and recommends that the case be vacated and remanded for further proceedings consistent with his decision. Magistrate Greenberg found that the ALJ failed to comply with her affirmative duty under social security regulations to ask about possible conflicts between the impartial vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"), as required by SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Furthermore, because there is an actual or potential conflict between the VE testimony and the

DOT, Magistrate Greenberg found the error was not harmless and that remand is required. Any objections to the Report and Recommendation were to be filed within 14 days of service. Defendant, the Acting Commissioner of Social Security Administration, filed a response stating that she will not be filing objections to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, no objection was filed by either party. Accordingly, this Court reviews the Report

2

and Recommendation for a finding of clear error on the face of the record.

## Conclusion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Greenberg (ECF #13) is ADOPTED. The decision of the Commissioner denying Plaintiff's request for Disability Insurance Benefits is VACATED and the case REMANDED for further proceedings consistent with the Magistrate's decision.

IT IS SO ORDERED

_____
DONALD C. NUGENT
United States District Court

DATED: January 24, 2018